UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRAY A. BRADLEY, JR.,

    Plaintiff,

v.                                 CAUSE NO. 3:21-CV-511 DRL-MGG

W. CATHEY and MIAMI
CORRECTIONAL FACILITY,

    Defendants.

OPINION AND ORDER

Tyray A. Bradley, Jr., a prisoner without a lawyer, filed a complaint and an *in forma pauperis* motion, but did not attach a copy of his inmate trust fund ledger. ECF 1 and 2. If he wants to continue this lawsuit, he needs to file a copy of his inmate trust fund ledger detailing his transactions for the past six months. Moreover, a review of his complaint shows that it does not state a claim as written. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Bradley alleges that on June 11, 2021, he was assaulted by three other prisoners and sustained multiple injuries. Mr. Bradley says Officer Cathey was present and running

showers when this incident occurred but did not intervene in the attack. He had to lock himself in a cell and press a distress button to get medical attention.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, Mr. Bradley doesn't allege that Officer Cathey had advance notice of the attack. Instead, he complains that Officer Cathey did not come to his aid once he was being attacked. Deliberate indifference includes failing to respond reasonably to actual violence between inmates. *See Borello v. Allison*, 446 F.3d 742, 748-49 (7th Cir. 2006). The complaint doesn't plausibly allege that Officer Cathey was actually aware of the attack. The complaint says that Officer Cathey was "running showers." ECF 1 at 2. This allegation alone doesn't support a reasonable inference that he was aware of the attack that happened on the unit, and without awareness he cannot be held responsible for failing to respond.

2

Mr. Bradley also names as a defendant Miami Correctional Facility. A prison facility is not a suable entity because it is a building and not a person. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("As for the defendant prison, . . . a building is not a person capable of being sued under § 1983."). Therefore, the prison must be dismissed.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Bradley may file an amended complaint if he has additional facts that he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court. In addition, this case cannot proceed further until he resolves his filing fee status by submitting his trust fund account ledgers for the past six months.

For these reasons, the court:

(1) DISMISSES Miami Correctional Facility;

(2) GRANTS Tyray A. Bradley, Jr., until **August 31, 2021**, to file an amended complaint **and** a copy of his inmate trust fund ledger detailing his transactions for the past six months;

(3) CAUTIONS Tyray A. Bradley, Jr., if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted; and

(4) CAUTIONS Tyray A. Bradley, Jr., that failure to respond does not relieve him of his obligation to pay the filing fee in installments over time.

SO ORDERED.

July 28, 2021                              *s/ Damon R. Leichty*
                                           Judge, United States District Court