UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRAY A. BRADLEY, JR.,

Plaintiff,

v.                                                                CAUSE NO. 3:21-CV-511 DRL-MGG

W. CATHEY, S. DWYER, and CARTER,

Defendants.

OPINION AND ORDER

Tyray A. Bradley, Jr., a prisoner without a lawyer, filed a complaint alleging a

failure to protect him, but the court determined it did not state a claim because it did not

allege any defendant had forewarning of the attack. ECF 5. Mr. Bradley has filed an

amended complaint, which is ready to be screened.[1] ECF 12. "A document filed *pro se* is

to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.

Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. §

1915A, the court still must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against an immune defendant.

---

[1] The court issued a show cause order because Mr. Bradley had paid only $0.11 of the $18.13 initial
partial filing fee assessed by the court. ECF 16. The next day, the court received the remainder of
the assessed fee, satisfying the show cause order. ECF 17.

Mr. Bradley attached to his complaint a request for protection that he submitted, detailing a past attack in which he says he was jumped in his cell for no reason. ECF 12-1. In it, he said that he was unaffiliated with a gang and was being targeted by the GDs. His request was denied on May 10, 2021, but he was given a bed move away from his assailants.

Mr. Bradley alleges that the bed move did not keep him safe. He says that three offenders assaulted him on June 11, 2021, and severely injured him. He sues three prison officials for not preventing the attack. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. A failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim for failure to protect, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Mr. Bradley first sues Officer Cathey, the officer running showers when the attack occurred. He says that his housing unit was on lockdown when he was assaulted, but Officer Cathey did not follow the proper procedure for running showers during lockdown and opened too many doors. If Officer Cathey had followed procedure, Mr. Bradley contends the other offenders would not have been able to reach him.

2

These allegations do not state a claim against Officer Cathey. Mr. Bradley needs to identify more than a failure to follow prison procedures in order to state a constitutional claim. *See Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). Although not following lockdown procedures may have increased the general risk that something could happen to Mr. Bradley, there are no facts suggesting that opening too many doors was a "conscious, culpable" decision by Officer Cathey to ignore a specific threat to Mr. Bradley. *Santiago*, 599 F.3d at 756.

Next, Mr. Bradley sues Caseworker Carter for not moving him out of his unit earlier. He states that he told Caseworker Carter that he "was not safe in (L) housing unit or the cell that [he] was placed in." ECF 12 at 3. But he does not identify the basis for his fear. General statements that a prisoner fears being attacked, or wants to be moved elsewhere, are insufficient unless the prisoner describes who is threatening him and the basis for the threat. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). The basis of the threat could be from one particular inmate who threatened him, but it also could be a "particular vulnerability" of his that made him a target or something about the attacker that made him dangerous to Mr. Bradley. *Wright v. Miller*, 561 F. Appx. 551, 555 (7th Cir. 2014) (quoting *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005)). Here, the specific reasons for Mr. Bradley's fear are not given, so there is no basis to charge Caseworker Carter with ignoring a specific threat to Mr. Bradley.

Finally, Mr. Bradley sues Unit Team Manager Dwyer, but his involvement is unclear. The complaint states, "I was supposed to be placed on a monitoring status due

to an assault that took place less than 30 days earlier this was not upheld by Officer

Cathey or the unit team manager Dwyer." ECF 12 at 2. It appears that Mr. Bradley faults

Unit Team Manager Dwyer for not implementing monitoring status. Though this may

have increased the general risk to Mr. Bradley, it does not show that Unit Team Manager

Dwyer consciously disregarded a specific threat to Mr. Bradley. In *Klebanowski*, a prior

attack combined with fear of a future attack and a desire to move to a different housing

unit were insufficient to demonstrate deliberate indifference on the part of prison officials

who did not relocate the inmate:

> The facts of this case make clear our reason for requiring more than general
> allegations of fear or the need to be removed. By Klebanowski's own
> testimony, the officers knew only that he had been involved in an
> altercation with three other inmates, and that he wanted a transfer because
> he feared for his life. He did not tell them that he had actually been
> threatened with future violence, nor that the attack on September 8 was
> inflicted by gang members because of his non-gang status. Without these
> additional facts to rely on, there was nothing leading the officers to believe
> that Klebanowski himself was not speculating regarding the threat he faced
> out of fear based on the first attack he suffered. This lack of specificity falls
> below the required notice an officer must have for liability to attach for
> deliberate indifference.

*Klebanowski*, 540 F.3d at 639-40 (footnote omitted). The allegations against Unit Team

Manager Dwyer are too vague to meet this high standard plausibly.

This complaint does not state a claim for which relief can be granted. Nevertheless,

Mr. Bradley may file an amended complaint if he believes he can state a claim based on

(and consistent with) the events described in this complaint because "[t]he usual standard

in civil cases is to allow defective pleadings to be corrected, especially in early stages, at

least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726,

738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to lay out who he told about his fears of an attack, what he told them, and how that information is related to the June 2021 attack. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Tyray A. Bradley, Jr., until **January 26, 2022**, to file an amended complaint; and

(2) CAUTIONS Tyray A. Bradley, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 23, 2021                        *s/ Damon R. Leichty*
                                         Judge, United States District Court