UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRAY A. BRADLEY, JR.,

        Plaintiff,

   v.                                       CAUSE NO. 3:21-CV-511 DRL-MGG

W. CATHEY *et al.*,

        Defendants.

## OPINION AND ORDER

Tyray A. Bradley, Jr., a prisoner without a lawyer, began this case in July 2021 when he filed a complaint against Officer W. Cathey, alleging Officer Cathey failed to protect him from an attack by other inmates or intervene once it started. ECF 1. The court determined the complaint did not state a claim against Officer Cathey because there was no indication that Officer Cathey had forewarning of the attack or that he was aware of the attack while it was happening. ECF 5. Mr. Bradley was given a chance to file an amended complaint.

In his amended complaint, Mr. Bradley added two defendants, Unit Team Manager Dwyer and Caseworker Carter, and elaborated on the circumstances surrounding the attack. ECF 12. But still the court found that he did not allege the necessary facts to proceed on a failure-to-protect claim because the complaint did not plausibly allege that any defendant had warning of a specific risk to Mr. Bradley, as opposed to a general fear of violence. ECF 20. He was given another opportunity to file an amended complaint, and he has done so. ECF 21.

Because Mr. Bradley is a prisoner, under 28 U.S.C. § 1915A, the court must review the merits of his complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The second amended complaint still does not allege any of the defendants had notice of a specific threat to Mr. Bradley, as opposed to a general fear of violence. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim for failure to protect, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). General statements that a prisoner fears being attacked, or wants to be moved elsewhere, are insufficient unless the prisoner describes who is threatening him and the basis for the threat. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

In the previous complaint, Mr. Bradley alleged that Officer Cathey was running showers on his unit and he opened more cell doors than prison policy dictated while the unit was on lockdown. Mr. Bradley contended that if Officer Cathey had followed procedure, the offenders who attacked him would not have been able to reach him. The court noted that Mr. Bradley did not allege Officer Cathey was aware that any inmate posed a particular risk to him. Thus, "[a]lthough not following lockdown procedures may have increased the general risk that something could happen to Mr. Bradley, there are no facts suggesting that opening too many doors was a 'conscious, culpable' decision by Officer Cathey to ignore a specific threat to Mr. Bradley. *Santiago*, 599 F.3d at 756." ECF 20 at 3.

In the current complaint, Mr. Bradley adds that the lockdown was due to an offender stabbing, so the lockdown was security based. ECF 21 at 2. Plus, he himself was on a monitoring status, which meant that he was supposed to be checked on every hour—a task Officer Cathey failed to do. *Id.* These additional allegations do not establish that Officer Cathey was aware of a specific risk to Mr. Bradley. Absent allegations that Officer Cathey was aware of a particular risk to Mr. Bradley, the alleged violations of prison policy concerning showers during lockdown and hourly checks of offenders on monitoring status shows only negligence. *See Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006) ("Defendants may have acted negligently by not moving Plaintiff to another cell. But as we have repeatedly stated, mere negligence or even gross negligence does not constitute deliberate indifference." (quotation marks and brackets omitted)).

As to Caseworker Carter, the previous complaint alleged he was responsible for the attack because he did not move Mr. Bradley out of the unit sooner, though Mr. Bradley claims he warned Caseworker Carter that he was not safe in the unit or in his cell. ECF 12 at 3. The court determined this was not enough to state a claim because it did not identify the basis for Mr. Bradley's fears for his safety:

> The basis of the threat could be from one particular inmate who threatened him, but it also could be a 'particular vulnerability' of his that made him a target or something about the attacker that made him dangerous to Mr. Bradley. *Wright v. Miller*, 561 F. Appx. 551, 555 (7th Cir. 2014) (quoting *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005)).

ECF 20 at 3.

In the current complaint, Mr. Bradley repeats that he "made Counselor Carter aware that I was unsafe in the housing unit that I was in multiple times," ECF 21 at 2, and says he "identified to Caseworker Carter that I was in danger of being assaulted by the same affiliation that attacked me less than a month earlier," ECF 21 at 3. Mr. Bradley still does not explain why he felt unsafe or the reasons why he feared the same affiliation would attack him again, nor is it alleged that the present attackers were even associated with that affiliation. Therefore, there is no basis to charge Caseworker Carter with ignoring a specific threat to Mr. Bradley's safety.

Finally, the previous complaint did not state a claim against Unit Team Manager Dwyer because at most the complaint alleged that he did not implement the monitoring status like he was supposed to. ECF 20 at 4. The court determined this did not plausibly allege that Unit Team Manager Dwyer consciously disregarded a specific threat to Mr. Bradley. *Id.* Mr. Bradley now alleges that Unit Team Manager Dwyer should be held

4

liable because he was involved in processing the protective custody request that resulted in the move to the unit where he was attacked. Although this demonstrates that Unit Team Manager Dwyer was aware of a previous attack on Mr. Bradley, it does not establish that he had warning of the attack at issue in this lawsuit.

The court sympathizes with Mr. Bradley, but the court cannot disregard the standards necessary to hold a state official liable under 42 U.S.C. § 1983 for constitutional violations. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Mr. Bradley has had two chances to amend his complaint; there is no indication a third opportunity would succeed.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

February 7, 2022	*s/ Damon R. Leichty*
	Judge, United States District Court